UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---

RAPHAEL CARRERA,

                              Petitioner,

            - versus -

UNITED STATES OF AMERICA,

                              Respondent.

MEMORANDUM AND ORDER

14-CV-4639 (JG)

---

JOHN GLEESON, United States District Judge:

            Raphael Carrera, proceeding *pro se*, files the instant petition pursuant to 28

U.S.C. § 2255, seeking to vacate his judgment of conviction entered under docket number 98-

CR-878. *See United States v. Carrera*, No. 98-CR-878 (E.D.N.Y.). In support of his argument,

petitioner relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in which the United States

Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an

'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct.

at 2155. Petitioner's argument is unavailing because the holding in *Alleyne* is not retroactively

applicable on collateral review. *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013).

            Moreover, petitioner has previously challenged this conviction by filing a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. *Carrera v. United States*, No.

01-CV-4090 (E.D.N.Y.) Mot. to Vacate Sentence, June 14, 2001. By memorandum and order

dated March 29, 2002, I denied the petition. *Id.*, Mar. 29, 2002, ECF. No. 12. By mandate

issued January 28, 2003, the United States Court of Appeals for the Second Circuit dismissed

Carrera's appeal of that order and denied a certificate of appealability. *Id.*, Jan. 28, 2003, ECF. No. 18.

Section 2255(h) provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because this is petitioner's second attempt in this Court to vacate the same conviction, the Court lacks jurisdiction to address it on the merits and is required to transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Johnson v. United States*, 623 F.3d 41, 43 (2d Cir. 2010) ("Under the Anti-Terrorism and Effective Death Penalty Act ('AEDPA'), a petitioner incarcerated pursuant to a federal judgment cannot bring a 'second or successive' motion for habeas relief, unless he or she first obtains permission from a court of appeals.") (citing 28 U.S.C. § 2255(h)); *see also Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) ("Where the court determines that an application raises only claims which are properly brought under § 2255, that the applicant has filed a prior § 2255 motion which was dealt with on the merits, and that no authorization from the court of appeals has been obtained as mandated by § 2244(b)(3), the district court must transfer the motion to this Court.") (internal quotation marks and citation omitted).

## CONCLUSION

Accordingly, in the interest of justice, the Clerk of Court shall transfer the instant application to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen this proceeding under this docket number. The Clerk of Court shall close this case.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
        August 27, 2014